**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VINCENT TODD OCHOA,

Petitioner-Appellant,

v.

LENORA JORDAN,

Respondent-Appellee.

No. 06-6189
(D.C. No. CIV-05-154-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge**, KELLY** and **O'BRIEN,** Circuit Judges.

An Oklahoma jury convicted Vincent Todd Ochoa of first degree murder and he was sentenced to life without parole. After exhausting his state remedies on direct appeal and through post-conviction proceedings, he brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus in federal district court. He now appeals the district court's denial of his petition.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In order to proceed on appeal, Mr. Ochoa requires a certificate of appealability (COA). *Id.* § 2253(c). In support of his application for a COA, he raises the following issues:

> (1) the trial court admitted and/or failed to redact a videotaped police interrogation in violation of Petitioner's Fifth and Fourteenth Amendment rights.
> (2) the trial court admitted prejudicial and inflammatory photographs in violation of Petitioner's Sixth, Eighth, and Fourteenth Amendment rights.
> (3) the admission of other crimes evidence violated Petitioner's Sixth and Fourteenth Amendment rights.
> (4) the admission of improper opinion testimony violated Petitioner's Fourteenth Amendment rights;
> (5) appellate counsel was ineffective for failing to raise on direct appeal issues of ineffective assistance of trial counsel and failing to request an evidentiary hearing; and
> (6) cumulative error by trial counsel denied him the right to effective assistance of counsel and deprived him of a fundamentally fair trial.

Application for Cert. of Appealability, at 1A.

We may grant Mr. Ochoa a COA only if he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Upon careful consideration of Mr. Ochoa's application for COA, his brief on appeal, the record, and the applicable law, we conclude, for substantially the

same reasons stated in the district court's order of May 24, 2006, and the magistrate judge's report and recommendation of March 31, 2006, that Mr. Ochoa has failed to demonstrate his entitlement to a COA under the applicable standards. We therefore DENY his application for a COA and DISMISS this appeal. Mr. Ochoa's motion to proceed in forma pauperis on appeal is granted. All other pending motions are denied.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
  Deputy Clerk